JOSEPH BURNHAM *vs.* EZRA ALLEN.

A promissory note, expressed to be for "thee hundred dollars," and in figures in the margin "$300," is a good note for three hundred dollars, if the maker, when he signed it, intended "thee" for three; and whether such was his intention is a question for the jury.

An action may be maintained on a promissory note payable on demand, without proof of a special demand, although averred in the declaration.

In an action by the payee against the maker of a promissory note, expressed to be for "thee hundred dollars," and in figures in the margin "$300," declared upon as a note for three hundred dollars, the judge refused to instruct the jury that, upon the general issue, the burden of proof was upon the plaintiff throughout; but instructed them that the burden of proof was on the plaintiff to show that the note was given upon a valuable consideration, and that proof of the execution of the note and its production in evidence made a *prima facie* case for the plaintiff, upon which they might find a verdict for him, unless the defendant introduced evidence which showed that it was not given for a valuable consideration, or that the consideration had failed, or left it doubtful whether it was given for a valuable consideration, or whether the consideration had failed. *Held*, that the defendant had no ground of exception.

ASSUMPSIT on a promissory note, by which, the declaration alleged, the defendant, at South Hadley, on the 30th of December 1847, for value received, promised the plaintiff to pay him or order three hundred dollars on demand; and that the plaintiff then and there demanded the same. Writ dated August 19th 1851.

The defendant pleaded the general issue, and specified in defence: 1. Want of consideration: 2. Failure of considera-

tion; 3. Payment; and also denied the execution of the note declared upon.

At the trial in the court of common pleas, before *Byington,* J. the plaintiff gave in evidence the following note: " $300. So. Hadley, December 30, 1847. For value received, I promise to pay Joseph Burnham or order on demand thee hundred dollars.

Ezra Allen."

The defendant objected that this note did not support the declaration, and that there was a variance between the declaration and the proof. But the judge ruled that it was a proper subject for the consideration of the jury, and that if they found the word " thee " was intended for " three," by the defendant, when he signed the note, the plaintiff might recover.

The defendant contended that inasmuch as a special demand was averred in the declaration, it must be proved. But the judge ruled that the bringing of the action was a sufficient demand, and that no demand need be proved.

The defendant requested the judge to rule, upon these pleadings, that upon the general issue the burden of proof was upon the plaintiff throughout, and that if upon that issue the jury were left in doubt, the plaintiff was not entitled to recover. But the judge instructed the jury, " that the burden of proof was on the plaintiff to show that the note was given upon a valuable consideration, and that, if that was doubtful upon the whole evidence, he could not recover; that proof of the execution of the note and its production in evidence made a *prima facie* case for the plaintiff, upon which they might find a verdict for him, unless the defendant introduced evidence which showed either that it was not given for a valuable consideration, or that the consideration had failed, or evidence to render it doubtful in their minds whether it was given on a valuable consideration; and that if not so given, or if it was doubtful whether it was given for a valuable consideration, either for want of consideration or for failure of consideration, the plaintiff could not recover." The judge further ruled that the burden of proof was on the defendant to show payment. The verdict was for the plaintiff, and the defendant alleged exceptions to these rulings.

42 *

*C. P. Huntington*, for the defendant. 1. The question of variance was a matter of law for the court, and not for the jury. " Thee hundred " is *idem sonans* with " the hundred," but not with " three hundred." The words of the note cannot be contradicted by the figures in the margin.

2. The averment of demand is material, inasmuch as the note does not draw interest till after demand. *Carley* v. *Vance*, 17 Mass. 391. And the averment, having been made, must be proved.

3. The burden of proof was on the plaintiff as to the question of variance. The effect of the ruling was to impose upon the defendant the burden of showing that " thee " did not mean " three," and to instruct the jury that the presumption was that it did mean " three."

*W. Bowdoin & G. T. Davis*, for the plaintiff. 1. It was properly left to the jury to say whether " thee " hundred was meant for three hundred. 1 Greenl. Ev. § 66. 2 Greenl. Ev. §§ 13, 14, 189. Addison on Con. 146. *Waugh* v. *Bussell*, 1 Marsh. 216. *Cantley* v. *Hopkins*, 5 Stew. & Port. 58. *Schooler* v. *Asherst*, 1 Litt. 216. *Taylor* v. *Rogers*, Minor, 197. Taking the whole note together, it is clearly a note for $300. *Sweetser* v. *French*, 13 Met. 262.

2. The bringing of the action was a sufficient demand ; and the special demand, having been unnecessarily stated, need not be proved. Plow. 128. 1 Chit. Pl. (6th Amer. ed.) 362, 364.

3. The instructions as to the burden of proof were correct. *Delano* v. *Bartlett*, 6 Cush. 366. *Stone* v. *Fowle*, 22 Pick. 166. *Jennison* v. *Stafford*, 1 Cush. 168. *Powers* v. *Russell*, 13 Pick. 76.

SHAW, C. J. This is an action on a promissory note payable to the plaintiff or order on demand. The declaration alleged it to be a note for three hundred dollars. On production of the note, the sum, as expressed in words, was " thee " hundred dollars, expressed in figures in the margin, $300. The defences relied upon, and set out in the specification of defence, were 1. Want of consideration ; 2. Failure of consideration, and 3. Payment The defendant also denied the execution of the note.

The questions in the case arise upon the correctness of the

directions given by the judge, as stated in the bill of exceptions.

On the first point, we think the court rightly left it, as a matter of fact, for the jury; and that, if they found the word "thee" was intended for "three," by the defendant, when he signed, the plaintiff might recover. We see not how such a question could be otherwise disposed of. The maker certainly meant some number of hundred dollars; otherwise he intended an imposition and fraud, which cannot be presumed. Bad spelling will not vitiate, if the sound is the same. But because the sound slightly varies from that of any known number, we think it can hardly be said, that the instrument is void; but if not, the only alternative is to adopt the word to which it comes nearest. There is no other single word expressive of number, which could stand in its place, consistently with the sense of the sentence, to which it would be as near as to that of "three," or for which "thee" could have been erroneously used. If the Arabic numerals in the margin were manifestly in the same handwriting, and written at the same time, it would be a circumstance leading to the same result, if the other considerations were not alone sufficient.

It appearing on the declaration that the plaintiff had averred a special demand, it was insisted by the defendant, that the plaintiff could not recover without proof of a special demand. But we are of opinion, that the court rightly instructed the jury, that such a demand was not necessary as a condition precedent to the maintenance of an action. Even in the old form of declaration, where the only duty from the defendant to the plaintiff was the payment of money, and the suit was to enforce such payment, the averment "though often requested" was fully sustained by bringing the action, which was of itself a sufficient demand.

Perhaps, on a note, like this, payable on demand, not expressed to be with interest, a specific demand should be averred and proved, at some time, if the holder seeks to charge the maker with interest, from any time anterior to the date of the writ.

On the subject of the burden of proof, the court are of opinion

that the directions were precise and correct, and well adapted to the case. The court ruled, that the burden of proof was on the plaintiff to show that the note was given upon a valuable consideration, and if that was doubtful upon the whole evidence he could not recover; that proof of the execution of the note and its production in evidence made a *prima facie* case for the plaintiff, upon which they might find a verdict for him, unless, &c. This is strictly correct, but being expressed in technical terms, it may be useful to explain it a little. A promissory note is given "for value received;" this is signed by the maker, and is an admission on his part that value has been received for it which is a good consideration. Its being produced by the holder is proof that after being signed it was delivered to the promisee, and is therefore evidence of a contract, on good consideration, between promisor and promisee, under the promisor's hand. But the law holds, and has long held, that, as between the original parties, such proof is not conclusive. It is therefore *prima facie* evidence, that is, it is competent evidence tending to prove a proposition of fact, and of course, if not rebutted or controlled by other evidence, will stand as sufficient proof of such proposition of fact. If then, on a trial, when a note is sued for by the promisee against the promisor, the plaintiff produces and reads his note for value received, and the signature is admitted or proved, he has ordinarily no occasion to go further. He has the burden of proof to show a consideration; but he sustains that burden by his *prima facie* evidence, which, if not rebutted, stands as conclusive evidence.

This, though expressed in technical terms, is, we think, the common sense view taken of a promissory note by men of business, and reconciles the rules of law with the principles and practice of actual business. When a man takes a promissory note, for value received, promising to pay money to him or his order, he believes that he has a security complete in itself, and that he has no occasion to provide and preserve other evidence, to show the consideration on which it was given. And in a vast majority of cases, the security is not only complete in itself, but is in fact conclusive, because no evidence can exist, which will

control and rebut such proof of consideration. But the law has further provided, that whilst the note remains as a contract between the original parties, that is, not transferred to another by indorsement, the consideration may be inquired into ; and therefore, if upon all the evidence in the case, whether offered by the plaintiff or the defendant, it appears that there was no consideration, or that the consideration has failed, by evidence sufficient to rebut the *prima facie* evidence arising from the signature and production of the note, it will constitute a good defence ; and as the burden is on the plaintiff, to prove a good consideration, if the whole evidence, offered on both sides, leaves it in doubt whether there was a good consideration or not, the plaintiff fails of making out his case, and the defendant will be entitled to a verdict.

We have said that the evidence may come from either side. It may come from the plaintiff, as where an attesting witness or other person testifies that the note was given on settlement of an account, and on the production of the account by the plaintiff, it appears that there were so many mistakes and errors, that there was no balance due ; and if the note was given for such supposed balance only, it will appear that the note was given without consideration. In general, the proof of want or failure of consideration must commence on the part of the defendant, after the production and proof of the note by the plaintiff, not because the defendant has the burden, or the burden of proof has shifted, but because the plaintiff has offered *prima facie* proof, sufficient to sustain the burden of proof on his part, unless it is rebutted and controlled by counter proof.

This view, we think, was expressed in the residue of the charge of the judge to the jury, that *prima facie* evidence would warrant a verdict for the plaintiff, unless the defendant introduced evidence, which either showed that the note was not given for a valuable consideration, or that the consideration failed, or evidence to render it doubtful in the minds of the jury whether the note was given on a valuable consideration, or the consideration failed, or not, and if not, or if the consideration had failed, the plaintiff could not recover.

When in the above sentence the learned judge used the phrase, "unless the defendant introduced evidence," we understand him to mean, as above stated, that after the production and proof of the signing of the note, and after thus establishing a *prima facie* case, the plaintiff would be entitled to a verdict, unless the defendant could show, from the whole evidence, want or failure of consideration, or leave the proof so doubtful, as to enable the jury to say, that the plaintiff had not satisfactorily proved a consideration.

The court further ruled, that the burden of proof is on the defendant to prove payment. The correctness of this has not been called in question, and is too obvious to require comment.

*Exceptions overruled.*